PROB 12C
(7/93)

# UNITED STATES DISTRICT COURT
for
## Middle District of Pennsylvania/Harrisburg

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender**: Troy Shatzer  **Case Number**: 1:CR-01-192-01

**Name of Sentencing Judicial Officer**: The Honorable William W. Caldwell

**Date of Original Sentence**: January 16, 2003

**Original Offense**: Possession of Firearms by a Convicted Felon - 18 USC § 922(g)

**Original Sentence**: 54 months imprisonment, 3 years supervised release, $400 fine, $100 special assessment

**Maximum Sentence Upon Revocation**: 2 years imprisonment, 3 years supervised release

**Type of Supervision**: Supervised Release  **Date Supervision Commenced**: February 23, 2007

**Assistant U.S. Attorney**: James T. Clancy  **Defense Attorney**: Ann E. Ariano

---

## PETITIONING THE COURT

[X]   To issue a warrant

[ ]   To issue a summons

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| General Condition | "The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any use of a controlled substance..." |

**Standard Condition**

#7   "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."

#9   "The defendant shall participate in a program of testing and treatment for drug abuse..."

On November 9, 2007, Mr. Shatzer reported to the probation office and submitted a urine specimen which tested negative, but the laboratory determined the specimen was invalid due to abnormal specific gravity levels. According to the lab, the specimen was diluted. Mr. Shatzer denied that he was trying to avoid detection of drug use.

On January 9, 2008, the offender reported to the probation office and provided a urine specimen which screened positive for marijuana and cocaine. Mr. Shatzer related that he smoked marijuana laced with cocaine on January 7, 2008. Ironically, on January 7, 2008, the probation officer called Mr. Shatzer on his cellular phone and left a voice message stating that the probation officer was in the Franklin County area and wanted to meet him at his house that afternoon between 4:00 p.m. and 4:30 p.m. The probation officer went to the offender's house, but the offender did not show. The probation officer left a business card instructing Mr. Shatzer to contact the probation office on January 8, 2008. As directed, the offender left a voice message for the probation officer stating that he was sorry he missed the probation officer's phone call, but he did not get the message until that morning. Interestingly, Mr. Shatzer denied any problems or noncompliance and inquired when he was going to be removed from the random drug testing program.

On January 17, 2008, Mr. Shatzer reported to the probation office and submitted a urine specimen which was sent to the laboratory for testing. The specimen was determined to be invalid due to abnormal creatinine and specific gravity levels. The offender said that he used marijuana and cocaine on January 6 and 7, 2008. He also admitted that he again used cocaine on January 11, 2008, despite the fact that he reported to the probation office on January 9, 2008, and admitted his earlier drug use.

The probation officer admonished the offender for his use of illicit drugs and warned him of the consequences of additional noncompliance. The offender was also warned about submitting adulterated specimens and attempting to flush his system in an effort to avoid detection of his drug use. The probation officer also stressed the importance of Mr. Shatzer being honest. The offender was instructed to schedule a substance abuse evaluation through the Cumberland County Drug and Alcohol Department and to comply with all treatment recommendations. Further, the frequency of the offender's random drug testing was increased.

On February 5, 2008, Mr. Shatzer reported to the probation office and submitted a urine specimen which was sent to the laboratory for testing. The specimen was again determined to be invalid due to abnormal creatinine levels.

On February 26, 2008, Mr. Shatzer reported to the probation office and submitted a urine specimen which screened positive for cocaine. The offender denied any drug use. The specimen was sent to the lab and test results were negative. On March 31, 2008, Mr. Shatzer was questioned further about this specimen. Mr. Shatzer stated that it was "impossible" that the specimen was positive for cocaine. The offender eventually offered that he had used cocaine about one week before the February 26, 2008, drug test.

On March 31, 2008, Mr. Shatzer reported to the office and submitted a urine specimen which tested positive for cocaine. The offender signed an admission form indicating that he used cocaine on March 29, 2008. Mr. Shatzer averred that he used powder cocaine with a "couple of girls at Wendy's house." Mr. Shatzer was again admonished and warned about further noncompliance. The offender informed that he had not started any substance abuse treatment despite his assertion over two months ago on January 17, 2008, that he would initiate treatment. The offender offered that he went for an initial evaluation on January 23, 2008, and the evaluator told him that it was his decision whether he wanted to participate in counseling. Mr. Shatzer purported that despite being honest with the evaluator, he was informed that he did not require treatment. However, Mr. Shatzer said that he now feels he could benefit from counseling.

On April 8, 2008, Mr. Shatzer failed to report to the probation office for drug testing.

| | |
|---|---|
| **Standard Condition #2** | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."** |

Mr. Shatzer has been under supervision since February 2007. Every Written Monthly Report completed by the offender has not been submitted within the first five days of each month. Further, Mr. Shatzer has failed to submit Written Monthly Reports for October 2007 and March 2008. The October 2007 report was mailed back to him because the form was incomplete, but it was never returned to the probation office.

Additionally, from March 2007 to December 2007, Mr. Shatzer reported owning two vehicles, a 1984 Dodge Charger and a 1996 Oldsmobile Cutlass, on his written monthly report forms. The offender did not provide accurate mileage information as required. Mr. Shatzer reported mileage figures that actually decreased between March 2007 and June 2007. The offender reported the exact same mileage figures on all written monthly reports from June 2007 to December 2007.

On February 5, 2008, the probation officer confronted the offender about the inconsistences and false information reflected in his written monthly reports. Mr. Shatzer did not offer a reason as to why the reports were inaccurate. Instead, the offender said that he recently purchased a newer pick-up truck and sold two cars, but he would nonetheless provide up-to-date mileage for all of his vehicles. The offender was also instructed to provide paperwork related to the truck purchase, but he has failed to do so.

| | |
|---|---|
| **Standard Condition #9** | **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer."** |

John Valle, a convicted felon who was under federal supervised release from July 3, 2006, to January 24, 2008, admitted to the probation officer on January 17, 2008, that Troy Shatzer, whom he met at Capitol Pavilion, had visited him at his apartment in Carlisle, in December 2007. Mr. Valle informed that he and Mr. Shatzer drank beer together. Mr. Valle also reported that he and the offender maintained telephonic communication and that Mr. Shatzer went to his place of employment in Carlisle, where Mr. Valle worked as a bartender. The probation officer confronted the offender about his contact with Mr. Valle and/or other convicted felons, and Mr. Shatzer denied any such contact.

4

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [X]    revoked.

[ ] extended for _____ years, for a total term of _____ years.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  April 15, 2008

*William S. Gottlieb* (signature)
William S. Gottlieb
Sr. U.S. Probation Officer

---

THE COURT ORDERS:

[ ] No action.

[X] The issuance of a warrant. This Petition and Order shall be sealed until the warrant is executed or lodged as a detainer.

[ ] The issuance of a summons.

[ ] Other

*William W. Caldwell* (signature)
Signature of Judicial Officer

4/17/08
Date